**NEXTRADE, INC., a California Corporation; Jang Rae Cho, an individual, Plaintiffs—Appellants,**

v.

**HYOSUNG (AMERICA), INC., a New York Corporation, Defendant—Appellee.**

No. 03–57151.

D.C. No. CV–03–01397–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2005.*

Decided Feb. 14, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Kenneth W. Chung, Esq., Gregory J. Marcot, Esq., Kring & Chung, Irvine, CA, for Plaintiffs—Appellants.

Fed. R.App. P. 34(a)(2).

James M. Harris, Esq., Rollin A. Ransom, Esq., Sidley Austin Brown & Wood, Los Angeles, CA, for Defendant—Appellee.

Before PREGERSON, CANBY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Plaintiffs appeal a district court order granting Defendant's Fed.R.Civ.P. 12(b)(3) motion to dismiss for improper forum. Because the exclusive distributorship agreement between the parties contained a forum selection clause designating that any disputes regarding the agreement be litigated in the Seoul District Court, Western Division, and because Plaintiffs' wrongful termination claim sufficiently relates to the interpretation of the agreement, we affirm.

A court deciding a Rule 12(b)(3) motion must draw all reasonable inferences and resolve all factual disputes in favor of the non-moving party or, in the alternative, may hold an evidentiary hearing. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137–39 (9th Cir.2004). However, the pleadings need not be accepted as true. *Id.* at 1137.

State law governs questions of contract formation. *See, e.g., Chateau des Charmes Wines Ltd. v. Sabate USA* Inc., 328 F.3d 528, 530 (noting that contract formation is a substantive issue and citing with accord First and Second Circuit application of state law to contract issues). Under California Com.Code § 2207(1), there is a valid agreement between the parties. *See Aro-*

*nowicz v. Nalley's, Inc.*, 30 Cal.App.3d 27, 106 Cal.Rptr. 424 (1972) (applying Cal. Com.Code to a distributorship agreement); *see also Steiner v. Mobil Oil Corp.*, 20 Cal.3d 90, 141 Cal.Rptr. 157, 569 P.2d 751, 754 (1977) (noting that, under Cal. Com. Code § 2207(1), even if the acceptance contains terms additional to or different from those contained in the offer, there is an agreement so long as the offeree gives "a definite expression of acceptance" and the terms of the acceptance "do not explicitly condition agreement" on the additional terms).

This court reviews a decision to enforce a forum selection clause for an abuse of discretion, but the question of whether parties agreed to forum selection clause is reviewed *de novo*. *See Chateau des Charmes Wines Ltd.*, 328 F.3d at 530. Plaintiffs allege that, because they attached an amendment to their acceptance of the agreement, the agreement does not contain a forum selection clause. However, resolving all reasonable inferences in favor of Plaintiffs by solely examining their version of the agreement and amendments, the amendment at issue modifies only the choice of law provision, not the forum selection clause.

Additionally, Plaintiffs argue that, even if they agreed to the forum selection clause, it should not be enforced. Forum selection clauses are presumptively valid and any party challenging such a clause bears a "heavy burden to show that it should be set aside." *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 9, 15, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). There are "three reasons that would make enforcement of a forum selection clause unreasonable: 1) if the inclusion of the clause in the agreement was the product of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fraud or overreaching; 2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and 3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Murphy*, 362 F.3d at 1140 (internal quotations omitted); *see also Bremen*, 407 U.S. at 12–13, 15, 18, 92 S.Ct. 1907. Plaintiffs fail to carry their heavy burden. Therefore, the forum selection clause is valid and should be enforced.

■ Finally, Plaintiffs argue that the forum selection clause does not apply to their wrongful termination claim because the claim involves another agreement and, thus, should have been litigated in the Central District of California. Federal law applies in the analysis of the effect and scope of a forum selection clause. *See Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988). "It is well established that 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'" *Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F.Supp. 1427, 1434 (N.D.Cal.1997) (citing to *Manetti–Farrow*, 858 F.2d at 509).

In determining whether a forum selection clause applies to non-contract claims, the Ninth Circuit has adopted the approach "which upholds the forum selection clause where the claims alleged in the complaint *relate to* the interpretation of the contract." *Graham Tech. Solutions*, 949 F.Supp. at 1433 (emphasis in original) (citing to *Manetti–Farrow*, 858 F.2d at 514).

In this case, the employment agreement at issue in the wrongful termination claim is directly related to interpretation of the exclusive distributorship agreement be-

tween Plaintiffs and Defendant; the employment agreement contained the terms under which Plaintiffs would have to perform in order to comply with the exclusive distributorship agreement. Thus, Plaintiffs' wrongful termination claim "cannot be adjudicated without analyzing whether the parties were in compliance with" the exclusive distributorship agreement. *Manetti–Farrow*, 858 F.2d at 514. The district court properly granted Defendant's motion to dismiss for improper forum because the scope of the forum selection clause encompasses the wrongful termination claim.

Accordingly, we AFFIRM the district court order dismissing, for improper forum, Plaintiffs' complaint.

AFFIRMED.